UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

BENJAMIN LAGERSTROM,
                  Plaintiff,

          -v-

ORSID REALTY, *et al.*,
                  Defendants.

23-CV-727 (JPO)

OPINION AND ORDER

―――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

    Plaintiff Benjamin Lagerstrom, proceeding *pro se*, brings this action against Defendants Orsid Realty and 61 West 9th Owners Corp. (collectively "Defendants") for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Presently before the Court are Defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and compel arbitration (ECF No. 17) and Lagerstrom's motion to proceed directly to a trial (ECF No. 22). For the reasons that follow, Defendants' motion to compel arbitration is granted, Defendants' motion to dismiss is denied, Lagerstrom's motion to proceed directly to trial is denied, and the case is stayed pending arbitration of Lagerstrom's claims.

**I.    Background**

    The following allegations are drawn from the complaint and are assumed true for purposes of the pending motions.

    Lagerstrom worked for Defendants as a doorman beginning in January 2001 until his termination on December 17, 2021. (ECF No. 1 ("Compl.") ¶ 21; Compl. at 41.) During his employment, Lagerstrom was a member of the Service Employees International Union, Local 32BJ and subject to a collective bargaining agreement (CBA) between the union and the Realty Advisory Board on Labor Relations, Inc. (RAB). (Compl. ¶ 19; ECF No. 17-1 ("CBA").) When

1

the COVID-19 pandemic began, pursuant to a memorandum of agreement between the union and Defendants, Defendants implemented a mandatory vaccination policy, which required all employees to be vaccinated against COVID-19, unless the employee requested and received an exemption. (ECF No. 17 at 5.) Lagerstrom claimed that he did not have to comply because he was exempt from the policy for religious and medical reasons. *Id.* Lagerstrom refused to get vaccinated and was subsequently terminated. (Compl. ¶ 3.)

Articles V and VI of the CBA set out a two-step grievance process, along with arbitration procedures. (CBA at 14-20). In addition, Article XIX of the CBA, includes a "No Discrimination" provision, which states:

> There shall be no discrimination against any present or future employee by reason of race, creed, color age, disability, national origin, sex, sexual orientation, union membership, or any characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act [. . .], the New York State Human Rights Law, the New York City Human Rights Code, or any other similar laws, rules or regulations. All such claims shall be subject to the grievance and arbitration procedure (Articles V and VI) *as sole and exclusive remedy for violations*. Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination.

(CBA at 94-95) (emphasis added). Defendants argue that this provision requires Lagerstrom to arbitrate his claims rather than sue in federal court. Defendants therefore move to dismiss this case and to compel arbitration.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case. Fed. R. Civ. P. 12(b)(1). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d

2

110, 113 (2d Cir. 2000)). "On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).  The court must accept all material factual allegations in the complaint as true but will not "draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)

Courts must also afford *pro se* plaintiffs "special solicitude" before granting motions to dismiss.  *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994).  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**III. Discussion**

The Federal Arbitration Act (FAA) "provides that an agreement to arbitrate is 'valid, irrevocable, and enforceable.'" *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 235 (2d Cir. 2006) (citing 9 U.S.C. § 2.)  "Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Id.* (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

In *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009), the Supreme Court evaluated a similar CBA provision—involving the same union and the same employers' bargaining association—in the context of a claim under the Age Discrimination in Employment Act (ADEA).  The Court held that "a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law." *Pyett*, 556 U.S. at 274.  The Court explained:

3

> The [National Labor Relations Act] provided the Union and the RAB with statutory authority to collectively bargain for arbitration of workplace discrimination claims, and Congress did not terminate that authority with respect to federal age-discrimination claims in the ADEA. Accordingly, there is no legal basis for the Court to strike down the arbitration clause in this CBA, which was freely negotiated by the Union and the RAB, and which clearly and unmistakably requires respondents to arbitrate the age-discrimination claims at issue in this appeal. Congress has chosen to allow arbitration of ADEA claims. The Judiciary must respect that choice.

*Id.* Though *Pyett* addressed claims under the ADEA, courts in this Circuit have applied its reasoning to claims arising under Title VII, "concluding that, when the relevant CBA so specifies—as it does here—those statutes are also susceptible to mandatory arbitration." *Hamzaraj v. ABM Janitorial Ne. Inc.*, No. 15-CV-2030, 2016 WL 3571387, at *4 (S.D.N.Y. June 27, 2016) (collecting cases); *see also Abel v. All Green Bldg. Servs. of New York LLC*, No. 16-CV-8522, 2017 WL 5468764, at *2 (S.D.N.Y. Nov. 14, 2017). The Court thus concludes that Lagerstrom's claims are subject to mandatory mediation and arbitration pursuant to the terms of the CBA.

Lagerstrom contends that Defendants were required to pursue arbitration of his claims and that, because they did not move to compel arbitration of his claims until after he commenced this action, he is not required to abide by the CBA and is entitled to have a jury trial. This is an incorrect reading of the CBA. The CBA requires a union member, either through a union representative, or on his own behalf to pursue his own claims through arbitration. (CBA at 94-99.) Lagerstrom also contends that Defendants "attempted to have [him] forego arbitration [under] the CBA, threatening him if he did arbitrate." (ECF No. 21 at 8.) In support of this contention, Lagerstrom states that Defendants "threatened" him by "stating they were union committee members and he should consider his career when seeking relief from the union." *Id.* The CBA makes clear that regardless of the union's interest in pursuing Lagerstrom's

discrimination and retaliation claims, Lagerstrom may pursue his claims alone, which he must do by proceeding through the arbitration process. CBA at 99; *see also Hamzaraj*, 2016 WL 3571387, at *5 ("[E]ven if the Union declines to take Plaintiff's employment discrimination claim to arbitration, the CBA provides a means for Plaintiff to pursue his claims in arbitration independently. . . . [T]here is nothing suggesting that he took any efforts to pursue arbitration on his own if and when the Union declined to act."). Moreover, Lagerstrom's allegations that Defendants threatened retaliation "is not sufficient to plead that the CBA operated to prevent [Lagerstrom] from asserting his statutory rights because [Lagerstrom] does not allege what, if any, authority [Defendants] had to authorize or deny arbitration of a Union employee's grievances." *Veliz v. Collins Bldg. Servs., Inc.*, No. 10-CV-06615, 2011 WL 4444498, at *4 (S.D.N.Y. Sept. 26, 2011). In addition, Lagerstrom "has not alleged that this practice prevented him from arbitrating his claims because [Lagerstrom] has not made any contention that he sought arbitration in the first place." *Id.*

Lagerstrom also contends that *Gjoni v. Orsid Realty Corp.*, No. 14-CV-8982, 2015 WL 4557037 (S.D.N.Y. July 22, 2015), provides a basis for the Court to deny Defendants' motion to compel arbitration. However, the facts in *Gjoni* are distinguishable from this case, and the court's reasoning in *Gjoni* supports the Court's conclusion here. In *Gjoni*, the court evaluated a similar CBA provision—which also involved the same union and the same employers' bargaining association—in the context of wage violation claims under the FLSA and NYLL. *Gjoni*, 2015 WL 4557037, at *1. The defendants in *Gjoni* moved to dismiss the complaint and to compel arbitration of the plaintiff's claims in accordance with the CBA. *Id.* The court concluded that the plaintiff was not required to arbitrate his FLSA and NYLL claims because the CBA did not contain a provision explicitly making arbitration the sole and exclusive remedy for

5

violations of the FLSA and NYLL before parties could bring such claims federal court, while the CBA did contain such a provision for other statutory claims, including Title VII claims. *Id.* at *4. Here, in contrast to the plaintiff in *Gjoni*, Lagerstrom brings claims under Title VII and the CBA makes clear that Title VII "claims shall be subject to the grievance and arbitration procedure (Articles V and VI) as sole and exclusive remedy for violations." (CBA at 94-95.)

Lagerstrom's claims are thus subject to mandatory mediation and arbitration pursuant to the terms of the CBA. If Lagerstrom wishes to proceed with those claims, he must submit to the mediation and arbitration procedures contemplated by the CBA.

Defendants further request that the Court dismiss the complaint. The FAA directs a district court to enter a stay of proceedings in cases where the claims are "referable to arbitration." 9 U.S.C. § 3. The Second Circuit has also held that "the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested." *Katz v. Cellco Partnership*, 794 F.3d 341, 347 (2d Cir. 2015). Moreover, a mandatory stay is "consistent with the FAA's underlying policy 'to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" *Id.* at 346 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)); *see also Hamzaraj*, 2016 WL 3571387, at *5 (collecting cases). The Court therefore denies Defendants' motion to dismiss and will enter a stay of this case pending arbitration of Lagerstrom's claims.

Lagerstrom has also filed a motion to proceed directly to a jury trial. (ECF No. 22.) Lagerstrom's motion is without legal basis. Given that Defendants' motion to compel arbitration must be granted and that proceedings must be stayed pending the arbitration of Lagerstrom's claims, Lagerstrom's motion to proceed directly to a jury trial is denied.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion to compel arbitration is GRANTED. Defendants' motion to dismiss is DENIED.  Plaintiff's motion to proceed to a jury trial is DENIED.  This case is STAYED pending the outcome of arbitration. The parties are directed to notify the Court within 14 days of the conclusion of arbitration, and, if the arbitration has not concluded by July 1, 2024, to provide a joint status letter to the Court.

The Clerk of Court is directed to close the motions at ECF Nos. 17 and 22 and to mark this case as stayed.

SO ORDERED.

Dated: February 9, 2024
       New York, New York

_____
J. PAUL OETKEN
United States District Judge